[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT; MOTION FOR ADDITUR AND MOTION FOR MISTRIAL
The present action arises out of a motor vehicle accident in which the plaintiff claimed damages for personal injuries received in that accident. The jury returned a verdict in the amount $14,553.16 comprised of economic damages of $9,553.16 and non economic damages in the amount of $5,000. The plaintiff has filed a motion to set aside the verdict and a motion for an additur.
The plaintiff claimed, that as result of the accident, he sustained a soft tissue injury to the neck resulting in permanent disability and traumatic brain damage. The defendant did not submit medical evidence with respect to the claimed soft tissue but argued that the claimed injury was extremely limited and that the permanent disability rating was given only after a short period of time. The defendant did, however, present medical evidence with respect to the claim of traumatic brain injury to prove that, if such an injury existed, it did not come this accident. Based upon the evidence submitted at the trial the jury could well conclude that the soft tissue injury, if it existed, was not as serious as claimed by the plaintiff. The jury could likewise conclude, on the evidence, that the plaintiff did not suffer a traumatic brain injury as result of the accident.
The verdict, as rendered on the evidence, does not indicate a manifest injustice and is not palpably against the evidence. "The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict show shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, mistake or corruption" Childs v. Bainer, 235 Conn. 107, 113-114
(1995).
The plaintiff also claims that the award of economic damages in this case includes awards for medical expenses incurred for the treatment of the claimed traumatic brain injury. However an award of economic damages does not require that a jury also award non economic damages. Childs v. Bainer, supra (depending upon the facts of the case an award of economic damages does not require an award of non economic damages). Accordingly, the plaintiff's CT Page 10664 motion for an additur and the motion to set aside the verdict are hereby denied.
The plaintiff has also filed a Motion for Arrest of Judgment and a Motion for a Mistrial on the grounds of claimed juror misconduct. Following the rendition of the verdict, the court received a telephone call from an attorney for an alternate juror who had stated that his client had called him regarding possible juror misconduct. The court immediately informed both counsel and, with the agreement of counsel, the court called the alternate juror to determine the general nature of the claimed misconduct. An evidentiary hearing was then held at which time the alternate juror testified under oath. The alternate juror testified that at one point during the trial one of the jurors inquired as whether the plaintiff's attorney would tell the jury how much money they should give the plaintiff. She also testified that there was a discussion, apparently with respect to the plaintiff's expert witness, a neuropsychologist, that he should be believed because he was a doctor and why he would lie about it and the doctor should know about such matters. The alternate juror testified that when she objected they were talking about the case the particular juror responded "we are not exactly talking about the case because, you know, it hasn't finished yet. We haven't come to a conclusion."
But it is apparent that there was some discussion concerning the issue of whether the plaintiff's neuropsychologist should be believed. "Nevertheless not every instance a juror misconduct requires a new trial . . . To deprive a party of a verdict which he may have honestly obtained, after a protracted and expensive litigation, merely because a juror may have improperly spoken . . . when he could have received no benefit from that act of the juror, and his opponent no injury, would hardly seem compatible with a due administration of justice. . . . The rule, long ago ennunciated by this court, is that if it does not appear that (the juror misconduct in question) was occasioned by the prevailing party or anyone in his behalf; if it does not indicate any improper bias upon the juror's mind, and if the court cannot see that it either had, or might have had an effect unfavorable to the party moving for a new trial the verdict ought not be set aside . . . Rather, the burden is on the moving party in a civil proceeding to establish the juror misconduct denied him a fair trial. . . . To impose a burden in establishing validity of the verdict on the prevailing party where he did not bring about the impropriety would be contrary to our sense of justice and fair CT Page 10665 play. We continue to adhere to the rule that, absent misconduct brought about by the prevailing party, the burden is on the complainant to show prejudice . . . That burden requires the moving party to demonstrate that the juror misconduct complained of resulted in probable prejudice to the moving party." (Citations and internal quotations marks omitted). Speed v.DeLibero, 215 Conn. 308, 313-314 (1990) see also Williams v.Salamone, 192 Conn. 116, 122 (1984).
From the facts produced at the evidentiary hearing the court cannot find there was any possible, much less probable, prejudice to the plaintiff. The comment inquiring as to whether the plaintiff's attorney would suggest a damage figure in his final argument is neutral. As to the statements with respect to the plaintiff's expert witness, the neuropsychologist, the only conclusion to be drawn from the testimony is that some of the jurors at least one of the jurors thought he should be believed and the juror in question also noted that they had not come to a conclusion because the trial had not finished. Accordingly the court does not find that the plaintiff has sustained his burden of establishing probable prejudice and the motion to a mistrial and a motion for arrest judgment are denied.
The parties also argued the appropriate fee for the defendant's expert. The court does not award any fee for preparation for the trial but does award a fee, as being reasonable, covering the travel between the doctor's office in Farmington to Bridgeport, his testimony in court and his return to Farmington at the rate of $350.00 per hour for a total fee of $2100.00.
Judgment may enter on the verdict rendered by the jury.
RUSH, JUDGE